UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

CRIMINAL ACTION NO. 2:11-cr-60-DLB-1

UNITED STATES OF AMERICA,                                                    PLAINTIFF,

v.                          **MAGISTRATE JUDGE'S REPORT
                             AND RECOMMENDATION**

JULIUS MAURICE KNOX,                                                        DEFENDANT.

*** *** ***

This matter is before the Court on Defendant's Motion to Vacate under 28 U.S.C. § 2255. [R. 66]. In his motion, Defendant challenges his enhanced sentence with two claims. First, he claims that the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), and its progeny renders his designation as a "career offender" under the Sentencing Guidelines improper because his conviction for assault under extreme emotional disturbance is no longer a "crime of violence." [R. 66]. Second, he claims that he received ineffective assistance of counsel related to his designation as a career offender. [R. 66]. Because Defendant would qualify as a career offender even without his prior conviction for assault under extreme emotional disturbance, the undersigned recommends that Defendant's motion to vacate be denied pursuant to Rules Governing Section 2255 Proceedings 4(b).

BACKGROUND

On September 17, 2013, Defendant pled guilty to one count of distributing a controlled substance stemming from his sale of crack cocaine in a restaurant bathroom to a confidential police informant. [R. 32]. Defendant's criminal history is lengthy: since the age of eighteen, Defendant

1

has amassed fourteen convictions. [R. 43 at 5-11]. Among them, Defendant was convicted in Kentucky for assault in the second degree under extreme emotional disturbance in 2003, for trafficking in a controlled substance in 2004, and assault in the third degree (as a persistent felony offender) on a corrections employee in 2011. [R. 43]. Because at least two of those prior convictions were at the time considered to be "felony convictions of either a crime of violence or a controlled substance offense," U.S.S.G. § 4B1.1(a), Defendant was classified as a "career offender." [R. 43 at 11]. In the Presentence Investigation Report, the United States Probation Office calculated that Defendant's criminal convictions amounted to a score of 19, qualifying him as a Category VI offender; his status as a career offender also placed him in Category VI. [R. 43 at 11]. The Court noted this fact when, during sentencing, Judge David L. Bunning stated: "[T]he defendant has 19 criminal history points, which yields an advisory criminal history category of VI. I would add that even without the career offender designation, he would be a Category VI." [R. 49 at 3-4]. Based on this category, the Court ultimately sentenced Defendant to 198 months imprisonment followed by six years of supervised release.

Later, on appeal, Defendant questioned whether he was properly classified as a career offender under the Sentencing Guidelines. [R. 62]. His appeal was unsuccessful, [R. 62], and after the Supreme Court issued Johnson,[1] Defendant filed the instant motion to vacate challenging his sentence. [Rs. 66-1 at 1].

---

[1] The Supreme Court has held that the Johnson decision, which held that the residual clause of the Armed Career Criminal Act was unconstitutionally vague, announced a new substantive rule that applies retroactively on collateral review. United States v. Welch, 136 S. Ct. 1257 (2016). In the Sixth Circuit, the new rule also applies to the similarly-worded residual clause at issue here in the Sentencing Guidelines. See United States v. Pawlak, No. 15-3566, 2016 WL 2802723 (6th Cir. May 13, 2016). However, the Court notes that the Supreme Court is currently reviewing whether the Johnson rule should be properly extended retroactively to collateral cases challenging sentences enhanced under the residual clause of the Sentencing Guidelines. See Beckles v. United States, 2016 WL 1029080, *1 (June 27, 2016).

<u>LAW AND ANALYSIS</u>

Under Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court must initially examine the § 2255 motion, along with any attached exhibits and the record, and "[i]f it plainly appears . . . that the party is not entitled to relief," the Court must dismiss the motion. Rules Governing Section 2255 Proceedings 4(b). To be entitled to relief in a § 2255 claim, a prisoner-defendant must generally show that, *inter alia*, "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b).

In his motion, Defendant challenges his sentence in two ways. First, he claims that <u>Johnson</u> and its progeny renders his designation as a "career offender" under the Sentencing Guidelines improper because his conviction for assault under extreme emotional disturbance is no longer a "crime of violence" after the residual clause's invalidation. [R. 66]. Second, he claims that he received ineffective assistance of counsel related to his designation as a career offender.

To be a "career offender" under the Sentencing Guidelines, a Defendant must have at least two prior convictions that are considered to be "felony convictions of *either* a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a) (emphasis added). Before <u>Johnson</u> and its progeny made doing so invalid, a "crime of violence" could be defined broadly under the residual clause as any crime that "involves conduct that presents a serious potential risk of physical injury to another." <u>Id.</u> § 4B1.2. Now, after <u>Pawlak</u>, a crime of violence only counts as such if it "has as an element the use, attempted use, or threatened use of physical force against the person of another, or is burglary of a dwelling, arson, or extortion, involves use of explosives." <u>Id.</u> Of course, controlled substance felony offenses still count as prior qualifying convictions after <u>Johnson</u> and <u>Pawlak</u>.

Here, Defendant's motion basically argues that one of his prior convictions no longer counts in a career offender enhancement decision; however, he overlooks the possibility that he has other qualifying prior convictions that remain valid after Johnson and Pawlak. See supra note 1. Upon reviewing the record and his lengthy criminal history, it appears that Defendant is not entitled to relief. Assuming, *arguendo*, at this preliminary stage that Defendant's Johnson-related claim is true, he would still be properly classified as a career offender under the Sentencing Guidelines due to his having two other prior felony convictions "of either a crime of violence or a controlled substance offense," U.S.S.G. § 4B1.1(a), particularly the convictions for trafficking in a controlled substance in 2004 and assault in the third degree as a persistent felony offender in 2011. [R. 43].

Reviewing the 2013 Sentencing Guidelines applicable to Defendant's case, the 2004 trafficking offense is a qualifying "controlled substance offense" for career offender purposes because it is "an offense under . . . state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). The 2011 third degree assault is a qualifying "crime of violence" offense because it is punishable by imprisonment for a term exceeding one year and "has as an element the use, attempted use, or threatened use of physical force against the person of another." Id. § 4B1.2(a)(1). Those two offenses have not been invalidated as qualifying convictions by Johnson or any case since. In sum, Defendant could be correct that the Johnson decision means that his prior conviction for assault under extreme emotional disturbance is no longer a "crime of violence" under the residual clause, but he would remain properly designated as a career offender because he has at least two other prior qualifying convictions that were not affected by Johnson.

4

Consequently, and unfortunately for Defendant, this also means that his counsel could not be ineffective for failing to object to his status as a career offender. United States v. Martin, 45 F. App'x 378, 381-82 (6th Cir. 2002) (counsel's failure "to raise wholly meritless claims cannot be ineffective assistance of counsel"). Thus, both of Defendant's arguments fail. His motion to vacate should be denied at this initial stage under Rule 4(b) of the Rules Governing Section 2255 Proceedings.

<u>CONCLUSION</u>

Accordingly, it is **RECOMMENDED** that Defendant's Motion to Vacate under § 2255, [R. 66], should be **DENIED.**

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed July 26, 2016.



Signed By:

Edward B. Atkins

United States Magistrate Judge

5