UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

**CRIMINAL ACTION NO. 11-60-DLB-EBA**

**UNITED STATES OF AMERICA**                                                               **PLAINTIFF**

**V.**        **ORDER ADOPTING IN PART AND REJECTING IN PART
                        REPORT AND RECOMMENDATION**

**JULIUS MAURICE KNOX**                                                                 **DEFENDANT**

\*\*  \*\*  \*\*  \*\*  \*\*  \*\*  \*\*  \*\*

Proceeding *pro se*, Defendant Julius Maurice Knox filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. # 66).[1] In his Motion, Knox challenges his sentence pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015) and argues he was denied effective assistance of counsel. Pursuant to the Court's local practice, the Motion was referred to a Magistrate Judge for preparation of a Report and Recommendation ("R&R").

This matter is presently before the Court on Magistrate Judge Edward B. Atkins's R&R (Doc. # 69), wherein he recommends that the Court deny Knox's Motion to Vacate. Knox having filed Objections to the R&R (Doc. # 70), the United States having filed a Response to the Objections (Doc. # 72), and Knox having filed his Reply (Doc. # 73), the Motion is now ripe for the Court's review. Upon review, all of Knox's Objections lack merit,

---

1   As Knox is proceeding *pro se*, the Court acknowledges its duty to review his filings under a lenient standard, liberally construing his pleadings. *See Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985).

1

except his objection to the Magistrate Judge's reliance on his Assault in the Third Degree conviction as predicate offenses for purposes of the career offender guideline. Thus, the R&R will be partially adopted as the Court's Opinion.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

The following factual and procedural background is taken from the Magistrate Judge's R&R:

> On September 17, 2013, Defendant pled guilty to one count of distributing a controlled substance stemming from his sale of crack cocaine in a restaurant bathroom to a confidential police informant. Defendant's criminal history is lengthy: since the age of eighteen, Defendant has amassed fourteen convictions. Among them, Defendant was convicted in Kentucky for assault in the second degree under extreme emotional disturbance in 2003, for trafficking in a controlled substance in 2004, and assault in the third degree (as a persistent felony offender) on a corrections employee in 2011. Because at least two of those prior convictions were at the time considered to be "felony convictions of either a crime of violence or a controlled substance offense, Defendant was classified as a "career offender." In the Presentence Investigation Report, the United States Probation Officer calculated that Defendant's criminal convictions amounted to a score of 19, qualifying him as a Category VI offender; his status as a career offender also placed him in Category VI ... Based on this category, the Court ultimately sentenced Defendant to 198 months imprisonment followed by six years of supervised release.

(Doc. # 69, p. 1-2) (internal citations omitted).

After challenging his sentence and classification as a "career offender" on direct appeal (Doc. # 62),[2] Knox has now filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. # 66).

**II.    ANALYSIS**

    **A.    Legal Standard**

---

2      *United States v. Knox*, 593 F. App'x 536 (6th Cir. 2015).

A court may grant relief under 28 U.S.C. § 2255 if the defendant establishes that: (I) the sentencing court imposed his sentence in violation fo the Constitution or laws of the United States; (ii) the court lacked jurisdiction to impose the sentence; (iii) the sentence imposed exceeded the maximum authorized by law; or (iv) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

In his Motion, Knox relies primarily on *Johnson*, and contends that his prior conviction for assault in the second degree under extreme emotional disturbance falls within the residual clause of the United States Sentencing Guidelines' "career offender" enhancement, and that the Guidelines' residual clause has been invalidated. In addition, Knox claims that he received ineffective assistance of counsel during his sentencing. The Court will consider each of Knox's arguments in turn.

### B. "Career Offender" Designation

Under United States Sentencing Guideline § 4B1.1, a criminal defendant classified as a "career offender" is subject to an enhanced advisory sentencing guideline range. There are three requirements for determining whether a defendant is a "career offender": "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). When Knox was sentenced, the Sentencing Guidelines' "crime of violence" and the Armed Career Criminal Act's "violent felony" were defined similarly, as any offense "punishable by imprisonment for a term exceeding one year ... that ... has as an element the use, attempted, use, or threatened use of physical force against the person

of another; or ... is murder, voluntary manslaughter, kidnaping, aggravated assault, a forcible sex offense, robbery, burglary of a dwelling, arson, or extortion ... *or otherwise involves conduct that presents a serious potential risk of physical injury to another* ..." " U.S.S.G. § 4B1.1(a) (emphasis added). The italicized portion is commonly referred to as the "residual clause."

In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act violated due process because it was unconstitutionally vague. *Johnson*, 135 S.Ct. at 2557. The Sixth Circuit extended *Johnson*'s holding in *Pawlak*, invalidating the identical residual clause in the Sentencing Guidelines. *Pawlak*, 822 F.3d at 911. Therefore, "crimes of violence" under the residual clause are no longer qualifying convictions for guideline purposes. *Id.*

Here, a review of the facts reveals that Knox was correctly found to be a career offender under the Sentencing Guidelines. Knox was not sentenced under the residual clause in U.S.S.G. § 4B1.2(a)(2). As outlined in the Presentence Investigation Report, Knox had at least two prior qualifying convictions - one prior felony conviction for Trafficking in a Controlled Substance in the First Degree in violation of KRS 218A.1412 and one prior felony conviction for Assault in the Second Degree Under Extreme Emotional Disturbance in violation of KRS 508.040.[3]

It is clear that Knox's prior conviction for trafficking in a controlled substance is a "controlled substance offense" under U.S.S.G. 4B1.2(b). Similarly, Knox's conviction under

---

3     The Court will not consider Knox's 2011 Assault in the Third Degree conviction, because as both parties agree, that offense occurred *after* he committed the drug trafficking offense at issue in this case and cannot be used to qualify him as a "career offender." Accordingly, the Magistrate Judge's analysis regarding that conviction is rejected.

KRS 508.040 qualifies as a "crime of violence" under the "use of force" clause in U.S.S.G. § 4B1.2(a)(1). *See United States v. Colbert*, 525 F. App'x 364 (6th Cir. 2013) (holding defendant's conviction for Assault in the Second Degree Under Extreme Emotional Disturbance was a "violent felony" under the Armed Career Criminal Act because it "had as an element the use, attempted use, or threatened use of physical force against the person of another"); *see also United States v. Knox*, 593 F. App'x 536 (6th Cir. 2015) (finding that Assault in the Second Degree Under Extreme Emotional Disturbance "requires 'the specific intent' to 'cause physical injury'" and "is a 'crime of violence' no matter how you cut it"). Therefore, because Knox was not sentenced under the residual clause, neither *Johnson* nor *Pawlak* provide him with any sentencing relief. Accordingly, Knox's Objections are **sustained** with respect to his conviction for Assault in the Third Degree, and **overruled** with respect to his conviction for Assault in the Second Degree Under Extreme Emotional Disturbance.

    **C.**    **Ineffective Assistance of Counsel**

To establish ineffective assistance of counsel, Knox must satisfy two essential elements. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the defendant must show that his attorney's performance was deficient. *Id.* "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Second, the defendant must demonstrate that "the deficient performance prejudiced the defense." *Id.* "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable." *Id.* "Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that

renders the result unreliable." *Id.* For this reason, the Sixth Circuit has held that a court need not address both prongs if a defendant fails to make a sufficient showing on either prong. *See United States v. DeGroat*, 102 F. App'x 956, 959 (6th Cir. 2004).

Knox has failed to meet the second element - he has not demonstrated any prejudice as a result of his counsel's performance. Knox's counsel could not be found to be ineffective for failing to object to his status as a "career offender," as Knox suggests. First, Knox's allegations that his counsel "quibbled with the Court about what facts can confidently be said to underlie [his] prior conviction" and "allow[ed] him to be sentenced based on inaccurate information" fall far short of meeting *Strickland*'s requirements. Knox's primary argument is that his prior convictions are no longer qualifying convictions after *Johnson*; however, *Johnson* was decided June 26, 2015, and any effect *Johnson* could now have, did not exist at the time of Knox's sentencing. Knox's counsel was under no duty to anticipate changes in the law or to make novel arguments in the face of clear precedent. And as found herein, Knox has two prior convictions that did, and still, qualify him as a "career offender" under the Sentencing Guidelines.

Because Knox's arguments regarding his "career offender" classification are meritless, he cannot show any prejudice from his counsel's performance. *United States v. Martin*, 45 F. App'x 378, 381-82 (6th Cir. 2002) ("Failure of trial counsel to raise wholly meritless claims cannot be ineffective assistance of counsel.") In his Objections, Knox takes issue with the Magistrate Judge's attempt to "sidestep" the merits of his ineffective assistance of counsel claim, However, as demonstrated above, Knox's ineffective assistance of counsel argument fails, and his Motion to Vacate is **denied**.

### D. Certificate of Appealability

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citations omitted); 28 U.S.C. § 2253(c)(2). When the denial of a § 2255 motion is based on the merits, the defendant must demonstrate that 'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Knox has not met this burden. Therefore, the Court agrees with the Magistrate Judge's recommendation that no certificate of appealabilty shall issue.

### III. CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1) The Report and Recommendation of the United States Magistrate Judge (Doc. # 69) is hereby **ADOPTED IN PART** and **REJECTED IN PART** as the findings of fact and conclusions of law of the Court;

(2) Defendant's Objections (Docs. # 70 and 73) are hereby **SUSTAINED IN PART** and **OVERRULED IN PART** as set forth herein;

(3) Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. # 66), is hereby **DENIED**;

(4) This matter is hereby **DISMISSED** and **STRICKEN** from the Court's active docket; and

(5) For the reasons set forth herein and in the Magistrate Judge's Report and Recommendation (Doc. # 69), the Court determines there would be no arguable merit for

an appeal in this matter and, therefore, no certificate of appealability shall issue.

This 15th day of December, 2016.



Signed By:
David L. Bunning    DB
United States District Judge

K:\DATA\ORDERS\Covington Criminal\2011\11-60 Order Adopting R&R in Part.wpd